UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| KARLA CRUM, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 3:25-cv-1184 |
| | § | |
| v. | § | |
| | § | |
| | § | |
| CAAPS INVESTMENTS LLC, WOHLKE | § | |
| INVESTMENTS GROUP LLC, SIMON | § | |
| BOZAS and ANDRE SANDRI SILVA, | § | |
| | § | |
| Defendants. | § | |

## KARLA CRUM'S ORIGINALCOMPLAINT FOR
## BREACH OF PROMISSORY NOTE AND PERSONAL GUARANTIES

Plaintiff KARLA CRUM, an individual, hereby sues CAAPS INVESTMENTS LLC, a Texas limited liability company, WOHLKE INVESTMENTS GROUP LLC, a Texas limited liability company, SIMON BOZAS, an individual, and ANDRE SANDRI SILVA, an individual, and alleges as follows:

## NATURE OF THE ACTION, PARTIES, AND SERVICE

1.    This action is for recovery of money owed by Defendants CAAPS INVESTMENTS LLC ("CAAPS"), and WOHLKE INVESTMENTS GROUP LLC ("Wohlke") under a Promissory Note (the "Note").  Defendants SIMON BOZAS ("Bozas") and ANDRE SANDRI SILVA ("Sandri Silva") also signed Personal Guaranties (the "Guaranties") for this debt.

2.    Plaintiff KARLA CRUM ("Plaintiff" or "Crum") is an individual who resides in Charleston, South Carolina.

3.    Defendants CAAPS and Wohlke are each limited liability companies organized in Texas, both of which have a principal and mailing address at 7250 Dallas Pkwy, Suite 800, Plano,

Texas, 75024-4936. CAAPS may be served through its registered agent and president, Simon G. Bozas, at (a) 4099 McEwen Rd., Suite 420, Dallas, Texas 75244; (b) 56716 Robbie Rd., Plano, Texas 75024; or (c) wherever he may be found.  Wohlke may be served through (a) its registered agent, Berry & Moro, CPAs, at 4099 McEwen Rd., Suite 420, Dallas, Texas 75244; (b) its president, Defendant Silva, at 7250 Dallas Pkwy., Suite 800, Plano, Texas 75024 or wherever he may be found.

4.      Defendant Bozas is an individual resident of Collin County, Texas.  Bozas is the President, manager, and sole member of CAAPS.  Bozas may be served at (a) his residence located at 5716 Robbie Road, Plano, Texas 75024; (b) his office address located at 4099 McEwen Rd., Suite 420, Dallas, Texas 75244; or (c) wherever he may be found.

5.      Defendant Sandri Silva is an individual resident of Collin County, Texas. Defendant Sandri Silva is the President, manager, and sole member of Wohlke.  Sandri Silva may be served at (a) his place of business located at 7250 Dallas Pkwy., Suite 800, Plano, Texas 75024 (b) or wherever he may be found.

6.      CAAPS, Wohlke, Bozas, and Sandri Silva are each referred to individually as a "Defendant" and collectively as the "Defendants."

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

8.      Specifically, the Plaintiff is a citizen of South Carolina and the Defendants are each citizens of Texas, and the principal amount of the Note, without interest or other amounts, is $900,000.

9. Defendants are incorporated, domiciled, reside, and transact business within the State of Texas.

10. The Court has personal jurisdiction over Defendant CAAPS and Defendant Wohlke as they are formed in Texas under Texas law and their principal place of business is in Plano, Texas. *See* 28 U.S.C. § 1332(c).

11. The Court has personal jurisdiction over Defendant Bozas and Defendant Sandri Silva because they each reside in Collin County, Texas.

12. The Note breached by Defendant CAAPS and Defendant Wohlke expressly states that the parties irrevocably and unconditionally agreed that any legal action, suit, or proceeding arising out or related to this Note may be brought in the United States District Court for the Northern District of Texas.

13. Venue is proper in this District under 28 U.S.C. § 1391 and § 1404(a). The parties to the Note irrevocably and unconditionally waived to the fullest extent permitted by law any objection they may have to venue of any action or proceeding arising out of or relating to this Note in United States District Court for the Northern District of Texas.

## FACTUAL ALLEGATIONS

14. Effective August 2, 2023, Defendants CAAPS and Wohlke entered into a Promissory Note with Crum, whereby Crum loaned CAAPS and Wohlke, jointly and severally, $900,000 with an interest rate of 11% per annum, and by which CAAPS and Wohlke promised to pay Crum the principal amount of the loan plus accrued interest. A true and accurate copy of the executed Promissory Note is attached as "**Exhibit A**."

15. On or about August 2, 2023, Bozas, as President and sole member of CAAPS, executed a Personal Guaranty to guarantee CAAPS and Wohlke's obligations to Crum under the

terms of the Note, irrevocably and unconditionally ensuring the full and prompt payment and performance of all obligations of CAAPS and Wohlke under the Note.  A true and accurate copy of the executed Bozas Guaranty is attached as **"Exhibit B."**

16.    On or about August 2, 2023, Sandri Silva, as President and sole member of Wohlke, executed a Personal Guaranty to guarantee CAAPS and Wohlke Investments' obligations to Crum under the terms of the Note, irrevocably and unconditionally ensuring the full and prompt payment and performance of all obligations of CAAPS and Wohlke under the Note.  A true and accurate copy of the executed Sandri Silva Guaranty is attached as **"Exhibit C."**

17.    Under the terms of the Note, interest payments were due on December 31, 2023, and June 30, 2024.

18.    The Note's maturity date was August 31, 2024 (the "Maturity Date"), and all accrued interest and unpaid principal were required to be paid no later than that date.

19.    No payments were made on December 31, 2023, or on June 30, 2024.

20.    On August 20, 2024, eleven days prior to the Maturity Date, having received no payments under the Promissory Note's terms, Crum sent a formal demand for payment for all outstanding principal and interest accrued under the Note.  A true and accurate copy of the correspondence is attached as "**Exhibit D**."

21.    At the time of the August 20, 2024 formal demand for payment, the outstanding amount due under the Note was $1,023,750, which reflected unpaid principal of $900,000 and unpaid interest of $123,750.

22.    On September 30, 2024, after the Maturity Date and well after defaulting under the terms of the Note, Wohlke wired Crum the sum of $200,000.

23.    On October 9, 2024, Crum received an additional $50,000 payment from Wohlke.

24.     No other payments have been made.

25.     Section 4.2 of the Note directs that payments are applied first to interest, then to outstanding principal. *See* Ex. A, ¶ 4.2

26.     On March 7, 2025, through counsel, Crum sent a formal demand for payment of the outstanding debt, which had long been in default.  The formal demand required payment of the outstanding debt within 7 days of the date of the formal demand.  A true and accurate copy of the correspondence is attached as **"Exhibit E."**

27.     As of March 7, 2025, the total amount due from CAAPS and Wohlke, and guaranteed by Bozas and Sandri Silva, was $915,605.15.

28.     Payment was not made within 7 days of the formal demand.

29.     At the time of this filing, no additional payments have been made.

30.     The Note is now past its Maturity Date and is uncancelled and unpaid.

31.     All conditions precedent have been performed or waived.

32.     Trial by jury has been waived by the parties.

33.     Crum has been required to retain counsel to bring this action and are responsible for paying counsel a reasonable fee.

## COUNT I
### Breach of Promissory Note
(Against Defendants CAAPS and Wohlke)

34.     Crum reasserts and realleges the allegations in paragraphs 1 to 33 as if fully set forth herein.

35.     Crum and CAAPS and Wohlke entered into the Promissory Note, which, together with its attachments, modifications, amendments, and related loan documents, is a valid and binding contract.

36.    On or about August 2, 2023, CAAPS and Wohlke executed the Note with Plaintiff. The Note is governed by Texas law.

37.    Crum performed her obligations under the Note by advancing the stated principal sums, among other things.

38.    The maturity date of the Note was August 31, 2024, and all accrued interest and unpaid principal were required to be paid no later than that date.

39.    CAAPS and Wohlke defaulted under the Note by, among other things, failing to make payments of the outstanding principal plus accrued interest.

40.    Pursuant to Section 5.1 of the Note, the following is an "Event of Default": the borrowers fail to pay "(a) any principal amount of the Loan when due; or (b) interest or any other amount when due and such failure continues for ten (10) days after written notice to either of the Borrowers." *See* Ex. A, ¶ 5.1.

41.    As of March 7, 2025, the total amount due from CAAPS and Wohlke was $915,605.15.

42.    As a direct and proximate result of CAAPS and Wohlke material breaches of the Note, Crum has been damaged and is entitled to recover her compensatory damages, which are $915,605.15 as of March 7, 2025, and have continued to accrue since then, and any other additional amounts permitted by the Note, including reasonable fees of counsel for the enforcement of Crum's rights under the Note.

## COUNT II
## Breach of Personal Guaranty
(Against Defendant Bozas)

43.    Crum reasserts and realleges the allegations in paragraphs 1 to 33 as if fully set forth herein.

44.     Crum and CAAPS and Wohlke entered into the Promissory Note, which is a valid and binding contract.

45.     On or about August 2, 2023, CAAPS and Wohlke executed the Note with Crum.

46.     On or about August 2, 2023, Bozas, as President and sole member of CAAPS, executed a Personal Guaranty to guarantee CAAPS and Wohlke's obligations to Crum under the terms of the Note, irrevocably and unconditionally guaranteeing the full and prompt payment and performance of all obligations of CAAPS and Wohlke under the Note.  Bozas' Guaranty is governed by South Carolina law.

47.     Crum is the owner and holder of Bozas' Guaranty.

48.     Pursuant to Bozas' Guaranty, the "term 'Obligations' means all of the obligations of Wohlke and CAAPS under the Promissory Note."  *See* Ex. B, ¶ 1.

49.     Furthermore, under his Guaranty, Bozas "absolutely irrevocably and unconditionally guarantees the full and prompt payment and performance of all Obligations of Wohlke and CAAPS as specified in the Promissory Note, and agrees to pay any and all expenses (including reasonable and documented counsel fees and expenses) incurred by Crum in enforcing any rights under this Guaranty and the Promissory Note."  *Id.*

50.     As more particularly described in Count I above, CAAPS and Wohlke have failed to make payments of the outstanding principal plus accrued interest under the Note.

51.     Thus, Bozas, as Guarantor and a primary obligor of the amounts due under the Note, has breached his Personal Guaranty and pursuant to that Guaranty has become individually, jointly and severally, responsible for all obligations due and owing to Crum under the Note.

52.     Bozas is liable for any damages suffered by Crum by virtue of the breach of the Note by Defendants CAAPS and Wohlke and has breached the Guaranty by failing to satisfy the guaranteed obligations of Defendants under the Note.

53.     Crum has been forced to retain the undersigned counsel to bring this action and is responsible for paying undersigned counsel a reasonable fee.

54.     As a direct and proximate result of Bozas' breach of his Guaranty, Crum has been damaged and is entitled to recover her compensatory damages, which were $915,605.15 as of March 7, 2025, and have continued to accrue since then, and any other additional amounts permitted by the Note, including reasonable fees of counsel for the enforcement of Crum's rights under the Note.

**COUNT III**
**Breach of Personal Guaranty**
(Against Defendant Sandri Silva)

55.     Crum reasserts and realleges the allegations in paragraphs 1 to 33 as if fully set forth herein.

56.     Crum and CAAPS and Wohlke entered into the Promissory Note, which is a valid and binding contract.

57.     On or about August 2, 2023, CAAPS and Wohlke executed the Note with Crum.

58.     On or about August 2, 2023, Sandri Silva, as President and sole member of Wohlke, executed a Personal Guaranty to guarantee CAAPS and Wohlke's obligations to Crum under the terms of the Note, irrevocably and unconditionally guaranteeing the full and prompt payment and performance of all obligations of CAAPS and Wohlke under the Note.  Sandri Silva's Guaranty is governed by South Carolina law.

59.     Crum is the owner and holder of Sandri Silva's Guaranty.

60.     Pursuant to Sandri Silva's Guaranty, the "term 'Obligations' means all of the obligations of Wohlke and CAAPS under the Promissory Note."  *See* Ex. C, ¶ 1.

61.     Furthermore, under his Guaranty, Sandri Silva "absolutely irrevocably and unconditionally guarantees the full and prompt payment and performance of all Obligations of Wohlke and CAAPS as specified in the Promissory Note, and agrees to pay any and all expenses (including reasonable and documented counsel fees and expenses) incurred by Crum in enforcing any rights under this Guaranty and the Promissory Note."  *Id.*

62.     As more particularly described in Count I above, CAAPS and Wohlke have failed to make payments of the outstanding principal plus accrued interest under the Note.

63.     Thus, Sandri Silva, as Guarantor and as a primary obligor of the amounts due under the Note, has breached his Personal Guaranty and pursuant to that Guaranty has become individually, jointly and severally, responsible for all obligations due and owing to Crum under the Note.

64.     Sandri Silva is liable for any damages suffered by Crum by virtue of the breach of the Note by CAAPS and Wohlke and has breached his Guaranty by failing to satisfy the guaranteed obligations of Defendants under the Note.

65.     Crum has been forced to retain the undersigned counsel to bring this action and is responsible for paying undersigned counsel a reasonable fee.

66.     As a direct and proximate result of Sandri Silva's breach of his Guaranty, Crum has been damaged and is entitled to recover her compensatory damages, which were $915,605.15 as of March 7, 2025, and have continued to accrue since then, and any other additional amounts permitted by the Note, including reasonable fees of counsel for the enforcement of Crum's rights under the Note.

## COUNT IV
## Unjust Enrichment (in the Alternative)
### (Against Defendants CAAPS and Wohlke)

67.     Crum reasserts and realleges the allegations in paragraphs 1 to 33 as if fully set forth herein.

68.     This Count is pled in the alternative to Count I (Breach of Contract).

69.     Crum conferred a benefit of $900,000 on CAAPS and Wohlke in the form of proceeds of a loan with an interest rate of 11% per annum.

70.     The loan is unpaid and outstanding.

71.     CAAPS and Wohlke had knowledge of the benefit of the loan, accepted that conferred benefit, and currently retain the said benefit.

72.     Under the circumstances, it would be inequitable for CAAPS and Wohlke to retain the benefit of the funds lent by Crum without replaying the loan plus interest.

73.     As a result of CAAPS and Wohlke's conduct, Crum has suffered damages.

74.     The unpaid and outstanding balance of the loan as of March 7, 2025, including interest and reflecting all appropriate reductions is $915,605.15.

## COUNT V
## Attorneys' Fees
### (Against Defendants CAAPS, Wohlke, Bozas, and Sandri Silva)

75.     As a result of the Defendants' breaches, Crum has been damaged in the amount of the unpaid principal, accrued and unpaid interest, expenses, and attorneys' fees.

76.     By the terms of the Note and Guaranties, the Defendants agreed to pay Crum's attorneys' fees and costs associated with enforcement of the Note and Guaranties.

77.     Crum also made written demand for payment of the debt pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.  The Defendants' failure to comply with the terms

of the loan documents compelled Crum to retain legal assistance to pursue this action. Crum is entitled to recover her reasonable and necessary attorneys' fees and costs arising from this suit.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Crum requests the following relief:

A. That Crum be awarded her actual damages in connection with the Promissory Note and the Guaranties, in an amount to be proven at trial but which is estimated to exceed $915,605.15 in unpaid principal plus accrued and unpaid interest;

B. That Crum be awarded pre-judgment interest at the maximum rate allowed by law, and an award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

C. That Defendants pay Crum's reasonable attorneys' fees and costs pursuant to the Note and Personal Guaranties, and otherwise as required or permitted by law; and

D. That Crum be awarded such other and further relief as the Court deems just and proper.

Dated: May 9, 2025.                          Respectfully submitted,


/s/ *Gordon W. Green*
**David M. Clem**
Texas Bar No. 24050428
dclem@johnstonclem.com

**Gordon W. Green**
Texas Bar No. 24083102
ggreen@johnstonclem.com

**JOHNSTON CLEM GIFFORD PLLC**
1717 Main Street, Suite 3000
Dallas, Texas 75201
(214) 974-8000 Main
(972) 474-1727 G. Green Direct

Laura M. Reich
Fla. Bar No. 22792 (*PHV to be filed*)
lreich@harpermeyer.com

Clarissa A. Rodriguez
Fla. Bar No. 38175 (*PHV to be filed*)
crodriguez@harpermeyer.com

**HARPER MEYER LLP**
201 S. Biscayne Blvd., Suite 800
Miami, FL 33131
T: 305-577-3443
F: 305-577-9921
*Counsel for Plaintiff*