IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARLA CRUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:25-CV-1184-K |
| v. | § | |
| | § | |
| CAAPS INVESTMENTS LLC, | § | |
| WOHLKE INVESTMENTS GROUP | § | |
| LLC, SIMON BOZAS, and ANDRE | § | |
| SANDRI SILVA, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Karla Crum's Motion for Default Judgment against Defendants CAAPS Investments LLC, Wohlke Investments Group LLC, and Simon Bozas (the "Motion") (Doc. No. 16). The Court has carefully considered the Motion, the supporting evidence (Doc. Nos. 16-1 through 16-8), the Complaint (Doc. No. 1), and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

I.    **Background.**

Plaintiff Karla Crum ("Plaintiff") entered into a Promissory Note (the "Note") with Defendants CAAPS Investments LLC ("CAAPS") and Wohlke Investments Group LLC ("Wohlke") on August 2, 2023, whereby Plaintiff loaned CAAPS and Wohlke $900,000 with an interest rate of 11% per annum. Doc. No. 1 at 3. Defendant Simon Bozas ("Bozas") and Andre Sandri Silva ("Sandri Silva"), who is no longer a

defendant in this case, executed personal guaranties on the obligations of CAAPS and Wohlke under the Note. *Id.* at 3–4. The Note required interest payments on December 31, 2023, and June 30, 2024, with a maturity date of August 31, 2024. *Id.* at 4. No payments were made on the due dates, and Plaintiff sent a formal demand for payment on August 20, 2024. *Id.* Plaintiff received two partial payments after the debt matured, leaving an unpaid balance. *Id.* at 4–5. As of March 7, 2025, the total amount due was $915,605.15. *Id.* at 5.

Plaintiff filed this suit against Defendants asserting claims for breach of the Note and personal guaranties and unjust enrichment as alternative relief, seeking actual damages of $915,605.15, along with attorneys' fees. *Id.* at 5–10. Plaintiff invokes the Court's diversity jurisdiction because Plaintiff is a citizen of South Carolina and Defendants are each citizens of Texas. *See* Doc. No. 18 at 1–2. Plaintiff properly served Defendants on May 12 and 13, 2025. Doc. Nos. 6–8. Defendants failed to answer or otherwise respond to Plaintiff's Complaint. Doc. Nos. 14–15. Plaintiff filed her Request for Clerk's Entry of Default on June 4, 2025. Doc. No. 14. The Clerk entered the default on the same date. Doc. No. 15. Plaintiff then filed the Motion which the Court now addresses. Plaintiff also voluntarily dismissed Sandri Silva from the case. Doc. No. 17.

II. Analysis.

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). "[A] defendant's default does not in

itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A plaintiff moving for entry of default judgment must establish that: (1) plaintiff served defendant with the summons and complaint and that default was entered for defendant's failure to appear; (2) the defendant is neither a minor nor an incompetent person; (3) the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *2–3 (N.D. Tex. Jan. 14, 2013) (Lynn, J.) (citing FED. R. CIV. P. 55 and *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006)).

A court may enter default judgment and determine damages without conducting an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (quoting *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### A. Default Judgment is Appropriate.

The elements required for entering a default judgment are met. The Court finds, as a threshold matter, that Plaintiff made a *prima facie* showing that the Court has diversity jurisdiction over this matter. *See* Doc. No. 18 at 1–2. Plaintiff is a citizen of

South Carolina because it is the state of her domicile. *See id.* at 1; *see also SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home.") (citing *Gilbert v. David*, 235 U.S. 561, 568–69 (1915)). Defendant Bozas is a citizen of Texas because it is his state of domicile. *See* Doc. No. 18 at 1. Defendant CAAPS is a citizen of Texas because its sole member, Bozas, is a citizen of Texas, and Defendant Wohlke is a citizen of Texas because its sole member, Sandri Silva, is a citizen of Texas. *See id.* at 1–2; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (citizenship of a limited liability company is determined by the citizenship of each of its members). Further, the Court finds that it may exercise personal jurisdiction over Defendants. Defendants are not minors or incompetent persons, nor are they currently serving in the military. Doc. Nos. 14, 15; *see* FED. R. CIV. P. 55(b)(2); 50 App. U.S.C. § 521(a), (b)(1)(A) – (B)). CAAPS and Wohlke are both limited liability companies ("LLC" or "LLCs") organized under the laws of Texas with the same principal address, 7250 Dallas Pkwy, Suite 800, Plano, Texas 75024 and, therefore, "[are] fairly regarded as at home" in Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 118–19, 137 (2014) (Supreme Court applied the corporation paradigm forum for general jurisdiction—place of incorporation and principal place of business—to an LLC in assessing whether the LLC was subject to general jurisdiction in that forum); *see* Doc. No. 1 at 1–2. Further, Plaintiff served Defendants with summons and a copy of the Complaint on May 12 and 13, 2025. Doc. Nos. 6–8.

Defendants did not file a responsive pleading or otherwise appear in this matter. The Clerk entered default against Defendants on June 4, 2025. Doc. No. 15.

In determining whether to enter default judgment against Defendants, the Court also considered "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the [D]efendant's motion." *Arch Ins. Co.*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court finds that default judgment is proper. Because Defendants defaulted, the Court takes as true Plaintiff's well-pleaded allegations; so, there are no material facts at issue. *See Nishimatsu Constr. Co., Ltd*, 515 F.2d at 1206. There is no substantial prejudice to Defendants because Plaintiff properly served Defendants, the basis for default is clearly established, and the Clerk properly entered default against Defendants. *See Joe Hand Promotions, Inc. v. 2 Tacos Bar & Grill, LLC*, Civ. Action No. 3:16-CV-1889-M, 2017 WL 373478, at *2 (N.D. Tex. 2017) (Lynn, C.J.). Indeed, Defendant's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H&G Contractors, Inc.*, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). Nothing before the Court suggests that Defendants' default resulted from a good faith mistake or excusable neglect. Further, Defendants have had more than three months to answer or respond to Plaintiff's Complaint and approximately a month to

respond to the Motion, "which mitigates the harshness of a default judgment." *Joe Hand*, 2017 WL 373478, at *2; *see id.* ("Entering default judgment against [the defendants], who have taken no action to respond to this action, is not 'harsh'"). The Court is not aware of any "good cause" that exists which would require the Court to set aside the default on a motion by Defendants. *See H&G Contractors*, 2011 WL 4738197, at *3.

### B. The Pleadings Present Sufficient Basis for Default Judgment.

The Court also finds that the pleadings support a default judgment against Defendants. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (instructing that, in determining whether a pleading is "well-pleaded" or "sufficient" for purposes of default judgment, the court "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint."). Plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Because they did not appear or respond to Plaintiff's Complaint, Defendants have not contested any factual allegations in the Complaint and, by their default, admit Plaintiff's well-pleaded allegations. *See Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206.

To succeed on a breach of promissory note claim in Texas, Plaintiff must show: (1) the existence of the promissory note in question; (2) that the Defendants signed

the note; (3) that Plaintiff is the owner or holder of the note; and (4) that a certain balance is due and owing on the note. *Skelton v. Urban Trust Bank*, 516 B.R. 396, 400 (N.D. Tex. 2014) (Boyle, J.) (citing *Martin v. New Century Mort. Co.*, 377 S.W.3d 79, 84 (Tex. App.—Houston [1st Dist.] 2012, no pet.)).

To succeed on a breach of guaranty claim in Texas, Plaintiff must show: "(1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor." *Haggard v. Bank of the Ozarks, Inc.*, 668 F.3d 196, 199 (5th Cir. 2012) (quoting *Marshall v. Ford Motor Co.*, 878 S.W.2d 629, 631 (Tex. App.—Dallas 1994, no writ)).

The Court takes as true Plaintiff's well-pleaded factual allegations and has carefully considered the elements Plaintiff must establish for her breach of promissory note and breach of guaranty claims. The Court finds Plaintiff's well-pleaded allegations sufficiently support a default judgment against Defendants on each of the claims. The Court does not need to reach the sufficiency of Plaintiff's factual allegations as they relate to her unjust enrichment claim because it is sought in the alternative. The Court finds that Plaintiff's Complaint provides a sufficient basis for entry of default judgment against Defendants for breach of the Note and Personal Guaranty of Bozas.

**C. Damages, Costs, and Attorneys' Fees.**

Plaintiff asks the Court to award actual damages, statutory damages, attorneys' fees, and court costs. Plaintiff seeks actual damages of $954,387.16, prejudgment

interest accrued on a daily basis of $263.83 from July 30, 2025 until the day before entry of default judgment, post-judgment interest at the applicable statutory rate pursuant to 28 U.S.C. § 1961 from the date of judgment until full payment, and attorneys' fees and costs of $38,832.60. Doc. No. 16 at 5–7; *see also* Doc. No. 14.

### 1. Actual Damages.

On this record, the Court can determine by mathematical calculation the amount of actual damages without the need for an evidentiary hearing. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Plaintiff seeks the amount of actual damages provided for by the terms of the loan documents attached to the pleadings. Doc. No. 16 at 5–7; *see James v. Frame*, 6 F.3d at 311 (quoting *Frame v. S-H, Inc. ("Frame I")*, 967 F.2d 194, 204 (5th Cir. 1992) ("fees could be 'computed with certainty by reference to the pleadings and supporting documents alone,' rendering an evidentiary hearing unnecessary").

In support of her Motion, Plaintiff provides her sworn declaration and supporting documents. Doc. Nos. 16-1 through 16-5. In it, Plaintiff identifies the Note and Bozas' Personal Guaranty, along with the relevant contractual provisions, the outstanding amount due on specific dates, the written notifications Plaintiff sent to Defendants of said amounts, partial payments made by Defendants, and the total owed balance still outstanding as of July 30, 2025, $954,387.16. *See generally id.* The Court finds that Plaintiff sufficiently proved her actual damages and that mathematical calculation can determine this amount without the need for an evidentiary hearing.

The Court finds that Plaintiff is entitled to recover $954,387.16 in actual damages from Defendants as of July 30, 2025, with prejudgment interest accruing at a rate of $263.83 per day from July 30, 2025, until the day before entry of default judgment, and post-judgment interest accruing at the applicable statutory rate pursuant to 28 U.S.C. § 1961 from the day of this judgment until full payment.

### 2. Costs and Attorneys' Fees.

"The award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claim." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) (internal quotations omitted) (*Exxon Corp. v. Burglin*, 4 F.3d 1294, 1301 (5th Cir. 1993)); *see also Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (in diversity cases, state law "controls both the award of and the reasonableness of [attorneys'] fees awarded."). The Note specifically provides that "[t]he Borrowers shall reimburse the Noteholder on demand for all . . . fees (including reasonable expenses and fees of [her] counsel) incurred by the Noteholder in connection with the transactions contemplated hereby, including . . . the enforcement of the Noteholder's rights hereunder." Doc. No. 16–1 at 8. Bozas' Personal Guaranty also provides that the guarantor agrees "to pay any and all expenses (including reasonable and documented counsel fees and expenses) incurred by [Noteholder] in enforcing any rights under this Guaranty and the Promissory Note." *Id.* at 12. Under Texas law, "[a] person may recover reasonable attorney's fees from an individual or organization . . . in addition to the amount of a valid claim and costs, if the claim is

9

for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8); *see Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 719 (E.D. Tex. 2017) ("[A]n award of reasonable attorney's fees is mandatory under § 38.001 if the plaintiff recovers damages for a breach of contract claim.").

Plaintiff provided the sworn affidavit of her counsel, Gordon W. Green, regarding the reasonableness of his hourly rate, the reasonableness of the hourly rates of co-counsel, billing records identifying the number of hours he worked and the dates on which the work was performed; and a description of the work performed. Doc. No. 16-6 at 1–4. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Court finds that the total requested fees of $37,539.31 are reasonable and necessary and that Plaintiff is entitled to said fees.

In addition to her attorneys' fees, Plaintiff also seeks to recover her costs of $1,293.29. As the prevailing party on her claims for breach of the Note and Bozas' Personal Guaranty, Plaintiff is entitled to recover her costs. The Court finds sufficient documentation for these costs (*see* Doc. Nos. 16-6 at 1–4, 16-7 at 1–9, 16-8 at 1–7) and awards Plaintiff her costs of $1,293.29.

### III. Conclusion.

The Court **GRANTS** Plaintiff's Motion for Default Judgment on the claims for

breach of the Note and Bozas' Personal Guaranty, actual damages totaling $954,387.16 as of July 30, 2025, prejudgment interest of $263.83 accruing daily from July 30, 2025 until the day before entry of default judgment, post-judgment interest at the applicable statutory rate pursuant to 28 U.S.C. § 1961 from the date of judgment until full payment, and Plaintiff's reasonable and necessary attorneys' fees and costs totaling $38,832.60.

**SO ORDERED.**

Signed August 28th, 2025.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE